**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3514
_____

UNITED STATES OF AMERICA

v.

HAKIM WILBURN,
                               Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 3-18-cr-00265-001)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 14, 2022

Before:   JORDAN, KRAUSE and PORTER, *Circuit Judges*

(Filed: March 17, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Hakim Wilburn appeals the sentence he received after pleading guilty to conspiring to illegally distribute drugs. He claims that, to avoid an excessive sentence, he should have been simultaneously sentenced for violating his supervised release on an unrelated offense. He did not make that argument in the District Court, and, it appears, for good reason: it is unsupportable. It certainly cannot survive plain-error review. We will thus affirm.

## I.    BACKGROUND

Wilburn and his co-conspirators[1] came to the attention of the Federal Bureau of Investigation in June 2015, when agents discovered that Wilburn was involved in the trafficking and sale of heroin and other illegal narcotics throughout northeastern Pennsylvania.

Agents worked closely with cooperating witnesses to discover the extent of Wilburn's drug-trafficking business. They learned that he obtained heroin in New York City and took it to Newark, New Jersey. At that point, he paid a relative to take the drugs to Wilkes-Barre, Pennsylvania. Wilburn stored the drugs at his home in Wilkes-Barre and at storage facilities in the area.

---

[1] Wilburn's wife, Danielle Moorer, was charged alongside him as a co-conspirator. Moorer pled guilty to conspiracy to distribute and to possess with intent to distribute over one kilogram of heroin and cocaine, in violation of 21 U.S.C. § 846, and was sentenced to 127 months' imprisonment.

Agents eventually conducted thirteen controlled purchases of heroin and cocaine from Wilburn and his wife. Each of the controlled purchases was recorded and surveilled. During those transactions, they learned that Wilburn was also using heroin as a form of compensation for the employees of his construction company.

Eventually, in August 2018, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a fourteen-count indictment charging Wilburn with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin and an unspecified amount of cocaine, in violation of §§ 841(b)(1)(A)(i) and 846 (Count 1), and with thirteen counts of possession with intent to distribute and distribution of heroin and cocaine, and aiding and abetting thereof, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (Counts 2-14). Agents executed search warrants the next day and recovered forty-five bricks of heroin and fentanyl and firearms from Wilburn's home and a storage facility. Wilburn was arrested and pled not guilty.

This was not his first run-in with the law. While he was dealing drugs in Pennsylvania, he was on supervised release for an unrelated 2003 federal conviction for dealing drugs in New Jersey. The terms of his supervised release prohibited him from committing another federal, state, or local crime and from moving out of New Jersey. Because he violated those terms, Wilburn faced the potential of sentencing on two separate criminal matters: the drug-trafficking offenses charged in the 2018 indictment, and his supervised release violation. Responsibility for handling the latter was transferred from the District of New Jersey to the Middle District of Pennsylvania.

About a year after his indictment, the government filed a one-count superseding information charging Wilburn with conspiracy to distribute over one kilogram of heroin and over 500 grams of cocaine. Pursuant to a plea agreement, he pled guilty to that information in exchange for the government's promise to recommend that the sentencing guidelines calculation for his crime be based on his having distributed between one and three kilograms of heroin and between 500 grams and two kilograms of cocaine.

Wilburn faced a mandatory minimum sentence of fifteen years under 21 U.S.C. § 841(b)(1)(A), and a recommended guidelines range of 235 months to 293 months' imprisonment. At the sentencing hearing, the District Court imposed a sentence of 198 months, which was thirty-seven months below the low end of Wilburn's guidelines range but eighteen months above the mandatory minimum. Wilburn did not object to that sentence before the District Court but instead timely appealed it.[2]

Later, while his appeal was pending, the District Court separately sentenced him to a thirty-six-month term of imprisonment for violating the conditions of his 2003 conviction in New Jersey, to run consecutively with his 198-month sentence for the instant offense.

---

[2] The government says that Wilburn made objections with respect to certain sentencing enhancements, but the record reflects that, while defense counsel had indicated before sentencing that objections would be made, none were. Perhaps his below-guidelines-range sentence prompted that decision.

## II.    DISCUSSION[3]

Wilburn's argument is simple, and consists of three paragraphs: he says that the District Court should have simultaneously sentenced him for both the present offense and his supervised release violation. He explains that the Court's "[f]ailure to impose sentencing on both matters left [him] with uncertainty as to the final total term of imprisonment for which he would be responsible." (Opening Br. at 11.) Because Wilburn did not object below, we review for plain error.

Under plain-error review, Wilburn must prove that (1) the District Court erred, (2) the error was clear or obvious, (3) it affected his substantial rights, and (4) it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732-36 (1993) (citation omitted). Here, the District Court did not err, much less plainly so, by sentencing Wilburn separately for his present offense and his supervised release violation.

We have required simultaneous sentencing for a single term of imprisonment when the same conduct provided the basis for two offenses under consideration at once. In *United States v. Gomez*, 593 F.2d 210, 212-15 (3d Cir. 1979) (en banc), for instance, we vacated the district court's separate sentences for two counts – possession with intent to distribute and actual distribution – because both convictions stemmed from the same transaction. We held that Congress intended for crimes arising under the same statutory

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

5

scheme and out of the same criminal conduct to be sentenced as one. *See id.* at 212-14 (analyzing two convictions both based on 21 U.S.C. § 841(a)(1)); *see also United States v. Rosenberg*, 806 F.2d 1169, 1176 (3d Cir. 1986) ("Courts are reluctant to impose two penalties for the same criminal conduct absent clear congressional intent otherwise[.]").

*Gomez* has no relevance here, because Wilburn's conspiracy conviction and supervised release violation arose out of entirely separate instances of unlawful conduct, criminalized under different statutes. The sentence now on appeal relates to the drug-trafficking enterprise he ran in Pennsylvania from 2015 through 2018. In contrast, his supervised release violation relates to his drug distribution activities in New Jersey years earlier.[4] The District Court thus did not err by sentencing Wilburn as it did.

## III. CONCLUSION

For the foregoing reasons, we will affirm.

---

[4] The government interprets Wilburn's brief as also challenging the substantive reasonableness of his sentence by arguing that it was an abuse of discretion to sentence him above the mandatory minimum. We see no indication that Wilburn actually raises such an argument. To the extent he does make that unpreserved argument, however, it does not persuade us that the District Court substantively erred.